IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

EDDIE MURPHY, #306651,

    Petitioner,

v.                                 Case No.: GJH-15-3958

BOBBY P. SHEARIN, WARDEN, *et al.*,[1]

    Respondents.

**MEMORANDUM OPINION**

Eddie Murphy filed this Petition for Writ of Habeas Corpus during the time he was incarcerated at North Branch Correctional Institution in Cumberland, Maryland on December 24, 2015. ECF No. 1. Murphy's petition challenges the sanctions he received between 2002 and 2005 for violating disciplinary rules, which effectively delayed his release date. Respondents filed an Answer seeking dismissal and denial of the Petition. ECF No. 5 On August 8, 2017, Murphy notified the Court that he has been released from prison. ECF No. 9. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Murphy's Petition is denied.

**I.    DISCUSSION**

At the time of filing the Petition, Murphy was serving a sentence with a maximum expiration date of March 30, 2018. As of March 31, 2016, all but 216 of Murphy's diminution of confinement credits had been revoked. Subtracting the 216 diminution credits from the March 30, 2018 maximum expiration date, Murphy's mandatory supervised release date was August 26,

---

[1] Frank Bishop is the current warden of North Branch Correctional Institution. *See* ECF No. 4. The Clerk is directed to amend the docket accordingly. Fed. R. Civ. P. 25(d).

1

2017. ECF No. 5-3. Murphy's Petition alleges his diminution credits were improperly revoked and presumably seeks their restoration.

Federal district courts are limited to deciding whether a prisoner's custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Although Murphy has been released from prison, the custody requirement of § 2241 is met because he was incarcerated at the time he filed the Petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The question instead is whether his release renders the case moot, or whether there are collateral consequences to render the habeas application justiciable. *Id*. at 8. "Usually, when a defendant's sentence expires during legal proceedings that challenge the length of the term of imprisonment, the case becomes moot unless a cognizable collateral consequence remains." *United States v. Fluker,* 891 F.3d 541, 550 (4th Cir. 2018) (citing *Lane v. Williams*, 455 U.S. 624, 630–32 (1982)). As Murphy is no longer incarcerated, the Court cannot order the relief he is seeking. Further, the record does not indicate whether Murphy is serving a period of parole after release, and "[w]hile the Supreme Court has recognized that certain collateral consequences render an otherwise moot habeas application justiciable, completing one's incarceration and complying with the terms of parole (while facing the possibility of parole revocation) does not qualify." *Maxey v. Warden*, No. 1:109CV443, 2010 WL 1703731, at *2 (E.D. Va. April 26, 2010) (citation omitted).

Importantly, even if Murphy's claims were not rendered moot by his release, they are without merit. Murphy argues that the disciplinary infractions he received between 2002 and 2005 are invalid based on *Massey v. Secretary, Dept. of Public Safety and Correctional Services*, 886 A.2d 585 (Md. 2005). In *Massey*, the Court of Appeals of Maryland ruled that Division of Corrections' ("DOC") directives for prisoner disciplinary proceedings were regulations that must

2

be adopted pursuant to the Maryland Administrative Procedure Act ("APA"). *Massey*, 886 A.2d at 602. Murphy argues that because he received the disciplinary violations before the associated regulations were adopted pursuant to the Maryland APA, the violations cannot support revocation of his diminution credits. *See* ECF No. 1.

Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (noting that the Court has "long recognized that a mere error of state law is not a denial of due process"). A violation of a state law that does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits generally does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998).

Murphy's challenge to state-created procedures does not amount to a federal constitutional claim. This Court has previously determined that the Court of Appeals of Maryland's invalidation of DOC directives in *Massey* does not implicate federal due process protections. *Ashby v. Shearin,* No. PJM-11-2955 2012 WL 2091150, at *4 (D. Md. June 8, 2012) (rejecting challenge relying on *Massey* in context of 42 U.S.C. § 1983 action); *Fulford-El v. Maynard*, No. WDQ-10-0618, 2011 WL 2619542, at *4 (D. Md. June 26, 2011) (same). Thus, even if Murphy's claims were not mooted by his release, they are not cognizable on federal habeas review.

## II. CONCLUSION

For the foregoing reasons, Murphy's Petition, ECF No. 1, shall be denied and dismissed with prejudice. A Certificate of Appealability shall not issue. A separate Order follows.

Dated: August 23, 2018                                    /s/
                                                          GEORGE J. HAZEL
                                                          United States District Judge